## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MIKE HUGHES ARCHITECTS, P.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-CV-0039-CVE-SH** |
| | ) | |
| **HENNING PARIC COMMERCIAL, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Stay Pending Arbitration and Brief in Support (Dkt. # 15). Defendant Henning Paric Commercial, LLC (Henning) asks the Court to stay this case pending a related arbitration proceeding. Plaintiff Mike Hughes Architects, P.C. (MHA) argues that it is not a party to the arbitration and the arbitration does not involve the same issues raised in its complaint, and MHA asks the Court to deny Henning's motion to stay.

Henning was the general contractor and MHA was the architect for the construction of the Stoney Creek Hotel and Conference Center located in Broken Arrow, Oklahoma. Dkt. # 2-1, at 2. Henning subcontracted with Lithko Contracting, LLC (Lithko) to construct the foundation, and Tri-Star Construction, LLC (Tri-Star) was retained as the subcontractor to perform compaction and backfilling of the soil. Id. MHA subcontracted with Mettemeyer Engineering, LLC (Mettemeyer) to perform services as the structural engineer for the project. Id. at 3. Henning entered a contract with Stoney Creek Investors of Broken Arrow, LLC (SC Investors), and the contract contained a provision requiring Henning and SC Investors to resolve any disputes arising under the contract through arbitration. Dkt. # 15-1, at 14. MHA entered a separate contract with Stoney Creek Hospitality Corporation (SC Hospitality) when it was hired as the architect for the project, and

MHA's contract also contains an arbitration provision.  Id. at 33.  MHA alleges the initial plans for the building included a 12 foot deep basement, but the project was revised after a portion of the basement had already been excavated.  Dkt. # 2-1, at 2.  The excavated area was backfilled but the building later experienced differential settlement.  Id.  Stoney Creek blamed MHA for the differential settlement and SC Hospitality brought arbitration proceedings against MHA.  SC Investors also filed arbitration proceedings against Henning, and the two arbitration proceedings were subsequently consolidated.

MHA sought to bring claims for contribution and indemnification against Henning, Lithko, Tri-Star, Mettemeyer in the arbitration proceedings.  Dkt. # 16-1.  However, Henning refused to consent to arbitration with MHA, and it filed a motion arguing that the arbitrator lacked jurisdiction over MHA's claims against Henning.  Dkt. # 16-2, at 4-6.  Henning argued that it did not have an arbitration agreement with MHA or SC Hospitality, and it referred to MHA's claims against Henning as "compelled or coerced arbitration."  Id. at 5.  Mettemeyer, Lithko, and Tri-Star also refused to consent to arbitration with MHA.  MHA dismissed without prejudice its claims against Henning and the subcontractors,  Dkt. # 16-3.

MHA entered into a settlement agreement with SC Investors and SC Hospitality in which MHA agreed to pay an agreed sum to resolve the consolidated arbitration proceedings.  MHA expressly preserved the right to bring claims for contribution and indemnification against Henning, Mettemeyer, Lithko, and Tri-Star "to recover MHA's damages incurred during the defense of the Arbitration and Litigation along with payment of these settlement proceeds . . . ."  Dkt. # 15-1, at 73.  On October 30, 2020, Henning filed a motion for sanctions against SC Hospitality and SC Investors for filing frivolous claims against Henning, and Henning also filed counterclaims against

2

SC Investors for abuse of process and breach of contract. Dkt. # 15-1, at 85-89; Dkt. # 16-5, at 99-103. The breach of contract counterclaim does not go to the merits of the underlying litigation but, instead, Henning seeks attorney fees under a prevailing party provision of the parties' contract. Dkt. # 15-1, at 88.

MHA filed this case in Tulsa County District Court alleging that Henning caused any damages sustained by SC Hospitality or SC Investors, and MHA seeks contribution and indemnification from Henning. Dkt. # 2-1, at 4. Henning removed the case to this Court on the basis of diversity jurisdiction, and Henning asks the Court to stay this case pending completion of the arbitration.

This Court has the inherent authority to control its docket, which includes the power to stay cases in the interests of judicial economy. United Steelworkers of Am. v. Or. Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). It may be appropriate for a court to stay a case pending arbitration in a related matter, even if the arbitration does not involve the same parties or claims, and a court should consider whether a stay would "reduce the parties' duplicity of effort, limit litigation, and reduce the risk of inconsistent rulings . . . ." American Fed. of State, Cty. and Mun. Employees, New Mexico Council 18, Local 2499, AFL-CIO v. Bd. of Cty. Comm'rs for Bernalillo Cty., 490 F.Supp. 3d 1371, 1375 (D.N.M. 2020). The Tenth Circuit has stated that the interest of "judicial efficiency" should guide courts in issuing a stay of litigation involving a non-arbitrating party, and there is no inherent harm or prejudice in allowing arbitration to proceed "in tandem with non-arbitrable litigation." Coors

Brewing Co. v. Molson Breweries, 51 F.3d 1511, 1518 (10th Cir. 1995).  The party requesting a stay due to a related arbitration action must "make out a clear case of hardship or inequity, in being required to go forward, if there is even a fair possibility that they stay for which he prays will work damage to someone else."  Butcher v. Teamsters Local 955, 2019 WL 1115260, *3 (D. Kan. Mar. 11, 2019).

The arbitration of the claims brought by SC Hospitality and SC Investors has been concluded as to the liability of the potential tortfeasors, and the sole remaining issue concerns Hennings' claim that the arbitration was frivolous as to the claims against Henning.  Henning argues that a finding in its favor will necessarily mean that it has no liability to MHA, and Henning claims that it will suffer irreparable harm if it is forced to defendant against MHA's claims in this case.  Henning faults MHA for failing to litigate its claims in arbitration to a conclusion, and it accuses MHA of engaging in "dilatory tactics in the arbitration and this lawsuit."  Dkt. # 15, at 6.  MHA responds it filed this case after Henning refused to consent to arbitration, and MHA appropriately filed this case seeking contribution and indemnification.  MHA also argues that Henning's remaining counterclaims in arbitration are likely to be dismissed as untimely, and the issues before the arbitrator are unrelated to MHA's claims in this case.[1]

The Court will initially consider the nature of the claims in this case and the arbitration to determine if there is any similarity in the issues in each proceeding.  Under Oklahoma law, the

---

[1]     The Court declines to consider the strength of Henning's counterclaims as a factor when ruling on the motion to stay.  Henning argues that it is likely to prevail on its counterclaims and this supports its request for a stay.  Dkt. # 15, at 4.  MHA responds that Hennings' counterclaims are likely to be dismissed as untimely.  Dkt. # 16, at 4.  The Court will not speculate as to the viability or strength of Henning's counterclaims in the arbitration proceedings in this Opinion and Order.

elements of an abuse of process claim are "(1) the improper use of the court's process (2) primarily for an ulterior or improper process (3) with resulting damage to the plaintiff asserting the misuse." McGinnity v. Kirk, 362 P.3d 186, 203-04 (Okla. 2015). Oklahoma follows the Restatement (Second) of Torts § 682 in defining the contours of an abuse of process claim. Id. at 204. A key part of an abuse of process claim is that the abusive litigation be "primarily" for an improper purpose, and it is not abusive to proceed with litigation for a proper purpose, even if there is an "incidental motive of spite." Id. As to MHA's contribution claim, Oklahoma has adopted the Uniform Contribution Among Tortfeasors Act (UCATA) and it is codified at OKLA. STAT. tit. 12, § 832. Under § 832.A., "[w]hen two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them . . . ." The purpose of the statute is to provide "judicial control over the distribution of damages in tort claims in which there is more than one tortfeasor." Barringer v. Baptist Healthcare of Oklahoma, 22 P.3d 695, 698 (Okla. 2001). A tortfeasor is entitled to contribution only when it has paid more than its pro-rata share of a common liability. Berry v. Empire Indem. Ins. Co., 634 P.2d 718, 719-20 (Okla. 1981).

The Court finds that there is little overlap of the issues involved in the arbitration and this case. The primary issue raised by Hennings's counterclaims in the arbitration proceeding is whether SC Hospitality and SC Investors used the arbitration proceedings for an improper purpose, while the issue in this case is whether MHA is entitled to collect a portion of the settlement proceeds from a joint tortfeasor who has not paid its pro-rate share of the damages. Neither SC Hospitality nor SC Investors has any incentive to strongly litigate the merits of their underlying claims against Henning, and they simply have to show that the claims were not brought for an improper purpose. In this case,

the primary issue is whether MHA and Hennings have some common liability to SC Hospitality and SC Investors for the negligent or defective construction of the Stoney Creek Hotel and Conference Center.  There will be little  benefit to the interests of judicial efficiency or economy in waiting for the arbitrator to resolve Henning's counterclaims, because the arbitrator's ruling will be on a distinct issue and will not be likely to have any preclusive effect in this case.

The Court will also consider whether Henning has shown that it will be prejudiced if this case proceeds while the arbitration is pending.  Henning argues that having to defend against MHA's claims while the arbitration is still pending, because it is likely to prevail in the arbitration and it will incur unnecessary costs if this case is permitted to proceed.  Dkt. # 15, at 5.  The Court has already noted that Henning's likelihood of success on its counterclaims will not be a factor when deciding whether to stay this case, and there is no inherent prejudice if this case is permitted to proceed along with the arbitration.  Coors Brewing Co., 51 F.3d at 1518.  On the other hand, MHA will effectively be denied a forum for its claims against Henning if the Court grants the motion to stay, because Henning refused to consent to arbitration of MHA's claims and it is now seeking an indefinite stay of these proceedings.  The Court finds that Henning has not shown that it will suffer any prejudice if this case is permitted to proceed or that the arbitration proceedings are likely to have any impact on this case, and Henning's motion to stay (Dkt. # 15) is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Pending Arbitration and Brief in Support (Dkt. # 15) is **denied**.  **The parties are directed to file an updated Joint Status Report no later than November 22, 2021.**

**DATED** this 8th day of November, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE